```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                           :   ECF CASE
ORANGE AND ROCKLAND UTILITIES, INC.,       :
                                               05 Civ. 6320 (WCC)
                          Plaintiff,       :

          - against -                      :   OPINION
                                               AND ORDER
LOCAL 503, INTERNATIONAL BROTHERHOOD OF    :
ELECTRICAL WORKERS,
                                           :
                          Defendant.
                                           :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

        MARY SCHUETTE
        Consolidated Edison Company of
          New York, Inc.
        **Attorneys for Plaintiff**
        4 Irving Place, Room 1815-S
        New York, New York 10003

DAVID J. REILLY, ESQ.
JEANMARIE SCHIELER, ESQ.

    Of Counsel

        HOLM & O'HARA LLP
        **Attorneys for Defendant**
        420 Lexington Avenue, Suite 1745
        New York, New York  10170

VINCENT F. O'HARA, ESQ.
CAROL G. DELL, ESQ.

    Of Counsel

**Copies E-Mailed to Counsel of Record**
**Copy mailed to Plaintiff's Counsel _____**

**CONNER, Senior D.J.:**

Plaintiff Orange & Rockland Utilities, Inc. ("O&R") filed a Complaint on July 11, 2005 seeking to vacate an arbitration award that found O&R had violated its collective bargaining agreement with defendant Local 503, International Brotherhood of Electrical Workers ("Local 503" or the "Union") by unilaterally making changes to health benefit co-payment amounts for retirees over the age of 65. Presently before the Court is defendant's motion for judgment on the pleadings, or, in the alternative, for summary judgment to dismiss the Complaint for failure to comply with the relevant statute of limitations and failure to follow proper procedure in seeking vacatur.[1] For the following reasons, the Union's motion is denied.

## BACKGROUND

O&R, a New York gas and electrical utility corporation, and Local 503, a New York-based labor organization representing O&R's weekly-paid employees, have been parties to collective bargaining agreements for many years. (Complt. ¶¶ 3-5.) At issue in this action is a collective bargaining agreement for the period June 1, 2000 through June 1, 2004 (the "CBA"). (*Id.* ¶ 5.) Under the CBA, O&R provides to its retirees certain health benefits, including medical, vision and prescription drug coverage. (*Id.* ¶ 7.) O&R contends that the CBA limits these benefits to retirees under the age of 65, but that it has elected to provide certain health benefits to retirees over the age of 65 outside of the CBA provisions. (*Id.* ¶¶ 8-9.) Plaintiff also asserts that it has periodically made changes to the post-65 retiree benefit package, including raising the co-pay for prescription drugs

---

[1] The Court has limited the parties at this time to presenting their procedural arguments only, having reserved briefing on the merits of vacating or confirming the award until we have addressed these procedural concerns.

1

in 2001 and 2003. (*Id.* ¶¶ 9-10.)

When O&R instituted further co-pay increases for these retirees in 2004, however, the Union filed a grievance charging that such increases violated the terms of the CBA. (*Id.* ¶¶ 12-13.) In accordance with the dispute resolution procedures contained in the CBA, the Union demanded arbitration of its grievance by letter dated on or about July 14, 2004. (*Id.* ¶¶ 6, 15.) An arbitration hearing was held on November 5, 2004 before a tripartite panel, which resulted in a decision in favor of Local 503. (*Id.* ¶¶ 16.) The decision was signed by impartial arbitral Chairman Daniel F. Brent on March 30, 2005, with the parties' chosen arbitral members signing in the days thereafter. (O'Hara Decl., Ex. A; Pl. Mem. Opp. Mot. J. Pldgs. at 5.) The parties agree that the award was sent to them on April 12, 2005. (Complt. ¶ 17; Am. Answer ¶ 17.) O&R filed its Complaint challenging the arbitral award on July 11, 2005. The Union has asserted that O&R has failed to comply with the award and, in its Amended Answer, counterclaimed to confirm the arbitration award. (Am. Answer ¶ 41.)

## DISCUSSION

I. **Standard of Review**

The governing standard for a grant of judgment on the pleadings pursuant to FED. R. CIV. P. 12(c) is identical to the standard applied when considering a motion to dismiss under FED. R. CIV. P. 12(b)(6) for failure to state a claim. *See King v. Am. Airlines, Inc.*, 284 F.3d 352, 356 (2d Cir. 2002) (quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001).

A complaint should not be dismissed under Rule 12(c) unless it appears that the plaintiff "cannot state any set of facts that would entitle him to relief." *Id.* Generally, "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent" dismissal under Rule 12(c). *See* 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 12.34[1][b] (3d ed. 1997). In assessing the legal sufficiency of a claim, the court may consider those facts alleged in the complaint, documents attached as an exhibit thereto or incorporated by reference. *See* FED. R. CIV. P. 10(c); *De Jesus v. Sears, Roebuck & Co., Inc.*, 87 F.3d 65, 69 (2d Cir. 1996).

**II.     Analysis**

The Union's argument is two-fold. First, defendant argues that plaintiff, by filing a Complaint rather than a motion to vacate the arbitration award, has employed an improper procedure warranting dismissal. Second, that plaintiff's Complaint is time barred because O&R failed to serve defendant with its petition for vacatur—allegedly as mandated by the Federal Arbitration Act ("FAA") procedure—within the 90-day period allotted by C.P.L.R. § 7511(a).

**A.     Initial Matters**

The parties concur that § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185,[2] gives this Court subject matter jurisdiction. *See, e.g.*, *Harry Hoffman Printing, Inc. v.*

---

[2] Section 185(a) provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

*Graphic Commc'ns, Int'l Union, Local 261*, 912 F.2d 608, 612 (2d Cir. 1990) (collecting cases). However, they disagree over the extent to which FAA procedures govern the method and timing of bringing a motion to vacate the award in an arbitration mandated by a CBA. "Because Congress provided no statute of limitations for suits under section 301, 'the timeliness of a [section] 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations.'" *Id.* (quoting *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Hoosier Cardinal Corp.*, 383 U.S. 696, 704-05 (1966)). The Second Circuit, recognizing that the FAA does not apply to disputes brought under § 301, has borrowed the relevant New York State law statute of limitations rather than that included in the FAA. *See HRH Constr., L.L.C. v. Local No. 1, Int'l Union of Elevator Constr., AFL-CIO*, No. 03 Civ. 8944, 2005 WL 31948, at *4 (S.D.N.Y. Jan. 5, 2005) (quoting *Coca-Cola Bottling Co. of N.Y., Inc. v. Soft Drink & Brewery Workers Union Local 812*, 242 F.3d 52, 54 (2d Cir. 2001)); *see also United Paperworks Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 41 n.9 (1987). Accordingly, federal courts in New York apply the statute of limitations contained in C.P.L.R. § 7511(a). *See Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998) (citing *Harry Hoffman Printing*, 912 F.2d at 609, 612). That statute provides: "An application to vacate or modify an [arbitration] award may be made by a party within ninety days after its delivery to him." C.P.L.R. § 7511(a).

### B. **Improper Procedure**

Defendant argues that plaintiff's filing of a Complaint, instead of a motion to vacate, is fatal to its action. Defendant contends that plaintiff's action must conform with § 6 of the FAA, which

states that "[a]ny application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise herein expressly provided." 9 U.S.C. § 6. In support of its position, defendant cites federal cases both within and without this Circuit that, according to defendant, require proceeding via motion.

Defendant's argument fails on several grounds. First, the cited cases involve vacatur of commercial arbitration awards rather than labor arbitration awards. As we have already established, the Second Circuit has expressly eliminated the applicability of the FAA in LMRA § 301 cases. *See Coca-Cola Bottling*, 242 F.3d at 54 (invoking federal jurisdiction under § 301 places action under "a body of federal law analytically distinct from the FAA"). Of course, "[w]here a party seeks to have an arbitration award vacated, '[t]he policies of section 301 and the FAA are analogous . . . as both recognize the importance of arbitration and provide for limited judicial review of arbitral decisions.'" *HRH Constr.*, 2005 WL 31948, at *4 (quoting *Skyview Owners Corp. v. Serv. Employees Int'l Union, Local 32BJ, AFL-CIO*, No. 04 Civ. 4642, 2004 WL 2244223, at *3 (S.D.N.Y. Oct. 5, 2004)); *see also Coca-Cola Bottling*, 242 F.3d at 54 ("It may be . . . that the body of law developed under Section 301 will at times draw upon provisions of the FAA, but by way of guidance alone."). The aim of preserving these analogous policy benefits precludes this Court from enforcing a hard-and-fast procedural rule for seeking relief from an arbitration award. Moreover, we note that numerous LMRA-based arbitration vacatur cases within the Second Circuit have been instituted, without adverse consequence, by filing a complaint. *See, e.g., Mercy Home for Children v. New York's Health & Human Serv. Union 1199, SEIU*, No. 05 Civ. 6462, 2006 WL 47672 (S.D.N.Y. Jan. 9, 2006); *N.Y. State Elec. & Gas Corp. v. Sys. Council U-7 of the Int'l Bhd. of Elec. Workers*, 328 F. Supp. 2d 313 (N.D.N.Y. 2004).

5

Second, and most adverse to defendant's position, is the fact that, with one exception, the cases upon which defendant relies do not view failure to bring the FAA-based vacatur action by motion as fatal. Indeed, the decision upon which defendant most heavily relies states that "'[t]he liberality of the . . . Federal Rules is such that an erroneous nomenclature does not prevent the court from recognizing the true nature of a motion.'" *O.R. Sec., Inc. v. Prof'l Planning Assocs., Inc.*, 857 F.2d 742, 746 (11th Cir. 1988) (quoting *Sacks v. Reynolds Sec., Inc.*, 593 F.2d 1234, 1239 (D.C. Cir. 1978) (citation omitted)).

Moreover, given that defendant, in filing its present motion and its counterclaim for confirmation of the arbitration award, has "place[d] this action in a proper procedural posture," *U.S. Ship Mgmt., Inc. v. Maersk Line, Ltd.*, 188 F. Supp. 2d 358, 363 (S.D.N.Y. 2002), we permit the case to proceed.

### C. Timeliness

Defendant also argues that plaintiff's Complaint is untimely because § 12 of the FAA requires that plaintiff have *served* the Union with its petition for vacatur within 90 days of the award's delivery to the parties.[3] As previously noted, the Second Circuit applies C.P.L.R. § 7511(a) to LMRA § 301 disputes, which sets the 90-day clock running from the moment an award is *delivered*; it does not apply a service requirement to the institution of a vacatur action. *See Parker Meridien*, 145 F.3d at 88 (citing *Harry Hoffman Printing*, 912 F.2d at 609, 612); *see also Case v. Monroe Cmty. Coll.*, 89 N.Y.2d 438, 441, 677 N.E.2d 279, 280, 654 N.Y.S.2d 708, 709 (1997).

---

[3] Section 12 of the FAA states that "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12.

Despite defendant's assertion that "[t]his action was brought in federal court, under two statutes, the LMRA, and the FAA," and that the applicable federal law is the FAA, the Court finds otherwise. First, plaintiff clearly brought this action under § 301 of the LMRA. Although defendant points out that the Complaint states that the award "should be vacated under the criteria set forth both in [§ 10 of the FAA] and [C.P.L.R. § 7511(b)(1)(iii)] because the Board of Arbitrators exceeded its authority"[4] (Complt. ¶ 26), this does not mean the action was—or even could have been—brought under the FAA. *See HRH Constr.*, 2005 WL 31948, at *5 (in context of § 301 action, listing FAA § 10 grounds for vacatur and noting that the "Second Circuit recognizes that there may be additional grounds for vacatur under the LMRA").

Second, the Northern District of Illinois, in resolving the effect of service where the court possessed jurisdiction under both the LMRA and the FAA, held that the tension between the two statutes could be reconciled only by allowing the LMRA methods to control. *See Dist. No. 8 v. Grindmaster Crathco Sys., Inc.*, No. 02 C 4346, 2002 WL 31115588, at *2 (N.D. Ill. Sept. 23, 2002) ("[T]he LMRA's service rules trump the FAA's service rules."). We agree with that court's sound reasoning. The court in *Grindmaster* also commented that there was "no good reason" why the party could not be served in conformance with FED. R. CIV. P. 4.

As this is not an action under 9 U.S.C. 1 *et seq.*, the Federal Rules of Civil Procedure are not displaced. *See* FED. R. CIV. P. 81(a)(3). Accordingly, the action commenced on the date the Complaint was filed, exactly 90 days after the award was delivered, and service was properly made

---

[4] Section 10(a)(4) of the FAA allows vacatur "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." C.P.L.R. § 7511(b)(1)(iii) permits vacatur where "an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made . . . ."

7

upon the Union. *See* FED. R. CIV. P. 3, 4. Defendant's attempt to claim that delivery occurred on April 5, 2005, the date O&R's chosen arbitrator signed the award, is unavailing. Defendant cites no case law—and the Court located none—supporting the proposition that arbitrators are representatives of the parties capable of receiving service on their behalf, and this Court finds no justification for deeming an award to be delivered to a party based on an arbitrator's knowledge of the result. More importantly, defendant has already conceded in its Amended Answer that delivery occurred on April 12, 2005 (Am. Answer ¶ 17), and it offers no evidence that it was mistaken as to the date. Consequently, the 90-day limitation began to run on April 12, 2005 and plaintiff filed its action within the 90-day time period under C.P.L.R. § 7511(a) and properly served defendant in the time allotted by FED. R. CIV. P. 4.

**CONCLUSION**

For all of the foregoing reasons, the motion of defendant Local 503, International Brotherhood of Electrical Workers for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c), or in the alternative, for summary judgment pursuant to FED. R. CIV. P. 56 on the limited grounds of improper procedure and timeliness is denied. Plaintiff Orange & Rockland Utilities, Inc. shall have thirty (30) days from the date of this Opinion and Order to file its opposition, if any, to defendant's motion for judgment on the pleadings pursuant to FED. R. CIV. P. 12(c), or in the alternative, for summary judgment pursuant to FED. R. CIV. P. 56 on the merits. Defendant then

shall have ten (10) days from plaintiff's submission to submit its reply, if any.

SO ORDERED.

Dated: White Plains, New York
April 21, 2006

                                                                               *William C. Conner*
                                                                             Sr. United States District Judge